UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CHANTRIENES BARKER**,<br>Petitioner,<br>vs.<br>**JEREMY HOWARD**,<br>Respondent. | **2:26-CV-11123-TGB-PTM**<br>HON. TERRENCE G. BERG<br>**OPINION & ORDER OF DISMISSAL** |

Petitioner Chantrienes Barker ("Barker"), a pro se Michigan prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her state court convictions and sentences. ECF No. 1. In her habeas petition, Barker raises claims concerning the effectiveness of trial and appellate counsel, the conduct of the prosecutor and the non-disclosure of evidence, the great weight of the evidence/corpus delicti, the jury instructions, and the validity of her sentence and the felony murder statute.

On preliminary screening, the Court ordered Barker to show cause why this case should not be dismissed for failure to comply with the one-year statute of limitations applicable to federal habeas actions. ECF No. 3. Barker responded to the Court's order contending that she should be allowed to proceed because she is actually innocent. ECF No. 4.

## I. PROCEDURAL HISTORY

Barker was convicted of first-degree murder, extortion, kidnapping, and conspiracy to commit extortion following a jury trial in the Wayne County Circuit Court on April 12, 1999. ECF No. 1, PageID.21. She was sentenced to life in prison without parole on the murder conviction, a concurrent term of 12 to 40 years in prison on the extortion conviction, and concurrent terms of 20 to 40 years in prison on the kidnapping and conspiracy convictions in 1999.

On direct appeal, the Michigan Court of Appeals vacated her extortion conviction and sentence, but affirmed her other convictions and sentences. *People v. Barker*, No. 221303, 2001 WL 1699699 (Mich. Ct. App. Dec. 28, 2001). Petitioner attempted to seek leave to appeal with the Michigan Supreme Court on March 20, 2002, which was returned as untimely. ECF No. 1, PageID.21. Therefore, Barker's direct appeal of her convictions concluded on February 22, 2002, 56 days after the Michigan Court of Appeals issued its decision on December 28, 2001. *See* Mich. Ct. R. 7.305(C)(2). Barker had one year (until February 22, 2003) to file a federal habeas petition, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

But Barker states that she did not file any motion for relief from judgment with the state trial court until May 18, 2023. ECF No. 1, PageID.22. The motion was denied, and the Michigan Court of Appeals

similarly denied leave to appeal on May 19, 2025 "because [petitioner] has failed to establish that the trial court erred in denying the motion," *id.* at PageID.16, and denied reconsideration on June 17, 2025, *id.* at PageID.17. The Michigan Supreme Court denied leave to appeal on December 19, 2025 because "[petitioner] has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)," *id.* at PageID.18, and denied reconsideration on February 27, 2026, *id.* at PageID.19.

Barker's federal habeas petition is dated April 3, 2026.

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the one-year period is untimely and subject to dismissal. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011).

## III. DISCUSSION

### A. Statutory Tolling

As stated in the Order to Show Cause, Barker's habeas petition is untimely and subject to dismissal because she did not file her current habeas petition until April 3, 2026, long after the one-year period had expired on February 22, 2003 under 28 U.S.C. § 2244(d). *See* ECF No. 3, PageID.81-83.

In her Response to the Order to Show Cause, Barker does not allege that her habeas claims are based upon newly discovered evidence or newly enacted, retroactively applicable law, nor does she allege that the State created an impediment to the filing of her habeas case. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

Consequently, the one-year period is not statutorily tolled under 28 U.S.C. § 2244(d)(1), and the habeas petition is untimely.

**B. Equitable Tolling**

The United States Supreme Court has ruled that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he [or she] shows '(1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner has the burden of demonstrating entitlement to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The doctrine of equitable tolling is applied "sparingly." *Id.* at 560.

Barker neither alleges nor establishes that the one-year period should be equitably tolled. Moreover, the fact that she may have a limited education, is untrained in the law, is (or was) proceeding without a lawyer, and/or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an

extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. Mar. 27, 2002) (noting that the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failing to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. Sep. 28, 2001) (finding that lack of legal assistance does not justify tolling).

In response to the Court's Show Cause Order, Barker asserts that the Court should excuse her untimeliness and consider her habeas claims because she is actually innocent. ECF No. 4. Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Souter v. Jones*, 395 F.3d 577, 580 (6th Cir. 2005) ("Because we find that Souter has demonstrated a credible claim of actual innocence, he is entitled to equitable tolling."). To support a claim of actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him [or her]." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)) (cleaned up). A valid claim of actual innocence requires a petitioner to support the allegations of constitutional error with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

critical physical evidence—that was not presented at trial.” *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means “factual innocence, not mere legal insufficiency.” *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has stated that the actual innocence exception should “remain rare” and “only be applied in the ‘extraordinary case.’” *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Barker broadly alleges that she is actually innocent, but makes no showing approaching the kind of proof needed to support her allegation. *See* ECF No. 4, PageID.84. She presents no new reliable evidence of her actual, factual innocence. Her assertions that her habeas claims have merit, e.g., that counsel was ineffective (*id.* at PageID.96-98) or that the prosecutor engaged in misconduct (*id.* at PageID.86-88), do not establish her actual innocence. *See, e.g., Craig v. White*, 227 F. App’x 480, 481 (6th Cir. 2007) (“Where a petitioner asserts actual innocence solely based on his interpretation of the law, however, *Souter’s* actual innocence exception does not apply.”). Her own self-serving, conclusory assertions of innocence, without evidentiary support, are also insufficient to support an actual innocence claim. A “reasonable juror [or factfinder] surely could discount [a petitioner’s] own testimony in support of his [or her] own cause.” *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Barker fails to establish that she is entitled to equitable tolling of

the one-year period on such a basis. Her habeas petition is therefore untimely and must be dismissed.

**IV. CONCLUSION**

Based upon the foregoing discussion, the Court concludes that Barker did not file her habeas petition within the one-year statute of limitations applicable to federal habeas actions and she is not entitled to statutory or equitable tolling of the one-year period. Accordingly, the Court **DISMISSES WITH PREJUDICE** the habeas petition as untimely under 28 U.S.C. § 2244(d).

Before Barker may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if the petitioner demonstrates that reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and reasonable jurists would debate whether the court's procedural ruling was correct. *Id*. Reasonable jurists could not debate the correctness of the

Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

**SO ORDERED**.

Dated: August 25, 2026

/s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE